UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GETTINGS, | No. 2:21-cv-1139 JAM DB PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SHASTA, et al., | |
| Defendants. | |

Plaintiff Jimmy Gettings is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and motion to expedite. (ECF Nos. 1-3.) The complaint concerns allegations related to plaintiff's arrest and prosecution by the defendants in the summer of 2019.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

I. **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny

1

leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

The complaint alleges that on July 13, 2019, plaintiff was stopped by defendant Ryan Kacalek, a Shasta County Sheriffs Deputy. (Compl. (ECF No. 1) at 2.) While stopped, defendant Shasta County Animal Control Officer Molly Roberts arrived on scene and cited plaintiff for unlawfully selling animals on a public right of way. (Id.)

On July 20, 2019, plaintiff was again stopped by defendant Kacalek. (Id.) Defendant Roberts again arrived on scene. (Id.) This time Roberts "entered plaintiff's enclosed rear compartment of his" vehicle, removed "approximately 59 baby-chicks" and transported them to the Shasta County Animal Shelter. Defendant Kacalek placed plaintiff under arrest and placed "cuffs severely tight on plaintiff[.]" (Id.)

After arranging for the towing of plaintiff's vehicle and traveling some distance defendant Kacalek "told plaintiff that he was not going to jail" but instead was to be cited and released. (Id. at 2-3.) Defendant Kacalek drove plaintiff to a "gas station at I-5 and Gas Point Road in Cottonwood, CA." (Id. at 3.)

Plaintiff "was found not guilty" of unlawfully selling animals and not guilty of driving on a suspended registration. (Id.) Defendant Kacalek gave "false testimony in this court proceeding" by testifying that plaintiff's registration was suspended despite knowing this to be a false statement. (Id.)

Pursuant to these allegations, the complaint attempts to assert twenty causes of action. (Id.) With respect to some of the causes of action it is difficult to decipher exactly what cause of action is asserted against what defendant. For example, "COUNT ONE" alleges defendant Kacalek and Roberts wrongfully stopped plaintiff, but also that the "DEFENDANTS" engaged in the "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS." (Id.)

3

Nonetheless, the complaint does state cognizable claims against defendants Kacalek and Roberts for unlawful search and seizure, false arrest, assault and battery[1], and malicious prosecution. See generally Avina v. U.S., 681 F.3d 1127, 1130-31 (9th Cir. 2012) ("To prevail on a claim of battery under California law, a plaintiff must establish that: (1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's situation would have been offended by the touching."); Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) ("an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983"); Sullivan v. County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974) ("Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause . . . . The test is whether the defendant was actively instrumental in causing the prosecution.").

The complaint, however, also attempts to assert claims pursuant to 18 U.S.C. § 241. (Compl. (ECF No. 1) at 4.) That statute, however, is a criminal statute that does not provide for a civil cause of action. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). The complaint also attempts to asserts several causes of action against the County of Shasta and the Shasta County Sheriff based on their status as the employer of defendants Kacalek and Roberts, who the complaint alleges violated plaintiff's rights under the constitution.

However, "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

---

[1] The complaint does not appear to attempt to assert a claim for the excessive use of force.

4

In order to allege a viable Monell claim against Shasta County plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)). There are three ways a "policy" can be established. See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)). Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

5

2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the complaint fails to allege the necessary factual allegations to state a Monell violation. Finally, the complaint also attempts to assert a claim for violation of 34 U.S.C. § 12601, against Shasta County Sheriff Eric Magrini. (Compl. (ECF No. 1) at 7.) § 12601 authorizes the Attorney General to bring a civil enforcement action based on the deprivation of rights, privileges, or immunities protected by the Constitution. "There is no private right of action to enforce this section." Gumber v. Fagundes, Case No. 21-cv-3155 JCS, 2021 WL 4311904, at *5 (N.D. Cal. July 3, 2021).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now on the complaint's claims of unlawful search and seizure, false arrest, assault and battery, and malicious prosecution against defendants Ryan Kacalek and Molly Roberts as set forth below, and pursue only those claims against those defendants. Alternatively, plaintiff may forgo serving defendants Kacalek and Roberts and attempt to amend the complaint.

2. **If plaintiff elects to amend the amended complaint to address the issues noted above, plaintiff has twenty-eight days so to do**, and shall skip the following service instructions (Nos. 4-10). Plaintiff is not obligated to amend the complaint. However, if plaintiff does so, the amended complaint will also be subject to screening.[2]

---

[2] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each

3. **If plaintiff elects to proceed against defendant Ryan Kacalek and defendant Molly Roberts**, then within twenty-eight days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all other defendants and all other claims without prejudice.

4. Service is appropriate for defendant Ryan Kacalek and defendant Molly Roberts.

5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

6. The Clerk of the Court shall send plaintiff, for each defendant in paragraph number 4, above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

7. Plaintiff is directed to supply the U.S. Marshal, within 28 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph number 4, above, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

8. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

---

defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

10. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

11. Plaintiff's June 28, 2021 motion to proceed in forma pauperis (ECF No. 2) is granted.

12. Plaintiff's October 12, 2021 request to expedite (ECF No. 3) is denied as having been rendered moot.

Dated: December 14, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\gettings1139.part.serve.ord