UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GETTINGS,<br><br>     Plaintiff,<br><br>     v.<br><br>COUNTY OF SHASTA, et al.,<br><br>     Defendants. | No.  2:21-cv-1139 DAD DB PS<br><br><br>ORDER |

Plaintiff Jimmy Gettings is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' amended motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as plaintiff's request for "ruling to be placed on hold," and to appear telephonically at a hearing. (ECF Nos. 10, 13, & 14.) For the reasons stated below, defendants' motion to dismiss is granted, plaintiff is granted leave to file an amended complaint, and plaintiff's motions are denied as having been rendered moot.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on June 28, 2021, by filing a complaint and motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The complaint alleges that on July 13, 2019, plaintiff was stopped by defendant Ryan Kacalek, a Shasta County Sheriffs

////

1

Deputy. (Compl. (ECF No. 1) at 2.[1]) While stopped, defendant Shasta County Animal Control Officer Molly Roberts arrived on scene and cited plaintiff for unlawfully selling animals on a public right of way. (Id.)

On July 20, 2019, plaintiff was again stopped by defendant Kacalek. (Id.) Defendant Roberts again arrived on scene. (Id.) This time Roberts "entered plaintiff's enclosed rear compartment of his" vehicle, removed "approximately 59 baby-chicks" and transported them to the Shasta County Animal Shelter. Defendant Kacalek placed plaintiff under arrest and placed "cuffs severely tight on plaintiff[.]" (Id.)

After arranging for the towing of plaintiff's vehicle and traveling some distance defendant Kacalek "told plaintiff that he was not going to jail" but instead was to be cited and released. (Id. at 2-3.) Defendant Kacalek drove plaintiff to a "gas station at I-5 and Gas Point Road in Cottonwood, CA." (Id. at 3.)

Plaintiff "was found not guilty" of unlawfully selling animals and not guilty of driving on a suspended registration. (Id.) Defendant Kacalek gave "false testimony in this court proceeding" by testifying that plaintiff's registration was suspended despite knowing this to be a false statement. (Id.)

Pursuant to these allegations, the complaint attempted to assert twenty causes of action. (Id.) On December 17, 2021, the undersigned granted plaintiff's motion to proceed in forma pauperis and permitted plaintiff to proceed on claims of unlawful search and seizure, false arrest, assault and battery, and malicious prosecution against defendants Ryan Kacalek and Molly Roberts. (ECF No. 4 at 6.)

On March 7, 2022, defendants filed the pending motion to dismiss. (ECF No. 10.) On March 14, 2022, plaintiff filed an opposition. (ECF No. 12.) That same day plaintiff filed a document styled as a request that the undersigned's December 17, 2021 order permitting plaintiff to proceed as to the identified claims "be paced on hold till such time as required for the court to mail said ruling to plaintiff for review of said ruling." (ECF No. 13 at 2.) Plaintiff also filed a

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

request to appear telephonically at the hearing of defendants' motion to dismiss.[2]  (ECF No. 14.)  On April 12, 2022, defendants' motion to dismiss was taken under submission.  (ECF No. 16.)

## STANDARDS

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] Below the undersigned has ordered that defendants' motion to dismiss be granted and plaintiff be granted leave to file an amended complaint.  Accordingly, plaintiff's motions will be denied as having been rendered moot.

statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Defendants' Motion to Dismiss

Defendants' motion to dismiss argues that the complaint fails to allege compliance with California's "Tort Claims Act," and, therefore, plaintiff's state law claims of false arrest, assault and battery, and malicious prosecution, must be dismissed. (Defs.' MTD (ECF No. 10) at 6.) The "California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff "must allege compliance or circumstances excusing compliance" in the complaint. Id.

Here, the complaint does not allege compliance with the California Tort Claims Act. "Thus, Plaintiff's claims under California law are properly dismissed since Plaintiff has failed to allege compliance with the CTCA." Patterson v. Warden, No. 1:12-cv-1948 JLT (PC), 2013 WL 5718603, at *6 (E.D. Cal. Oct. 18, 2013).

### II. Leave to Amend

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n
////

4

1  v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

2  amend shall be freely given, the court does not have to allow futile amendments).

3       Here, in opposing defendants' motion to dismiss plaintiff asserts compliance with the

4  Torts Claim Act and has provided evidence in support of that assertion.  (Pl.'s Opp'n (ECF No.

5  12) at 1-4.)  In light of this, the undersigned cannot find that granting plaintiff leave to amend

6  would be futile.  Plaintiff, therefore, will be granted leave to file an amended complaint.  Plaintiff

7  is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court

8  must accept as true all of the allegations contained in a complaint is inapplicable to legal

9  conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

10 conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While legal conclusions can

11 provide the complaint's framework, they must be supported by factual allegations." Id. at 679.

12 Those facts must be sufficient to push the claims "across the line from conceivable to

13 plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

14      Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

15 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

16 in itself without reference to prior pleadings.  The amended complaint will supersede the original

17 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in the amended complaint,

18 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

19 and identified in the body of the complaint, and each claim and the involvement of each

20 defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

21 must also include concise but complete factual allegations describing the conduct and events

22 which underlie plaintiff's claims.

23                             **CONCLUSION**

24      Accordingly, IT IS HEREBY ORDERED that:

25      1. Defendants' March 7, 2022 amended motion to dismiss (ECF No. 10) is granted;

26      2. The complaint's state law causes of action are dismissed with leave to amend;

27      2. Within twenty-eight days from the date of this order, an amended complaint may be

28 filed that cures the defects noted in this order and complies with the Federal Rules of Civil

Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

    4.  Plaintiff's March 14, 2022 motion for ruling to be placed on hold (ECF No. 13) is denied as having been rendered moot; and

    5.  Plaintiff's March 14, 2022 request to appear telephonically (ECF No. 14) is denied as having been rendered moot.

Dated:  August 31, 2022

                                 DEBORAH BARNES
                                 UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\gettings1139.mtd.ord

---

[3] Alternatively, plaintiff may elect to forgo amending and proceed only on the complaint's claims brought pursuant to 42 U.S.C. § 1983.

6