UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GETTINGS,<br><br>        Plaintiff,<br><br>        v.<br><br>RYAN KACALEK, et al.,<br><br>        Defendants. | No.  2:21-cv-01139-DJC-DB<br><br>ORDER |

Plaintiff has filed a motion for leave to amend the complaint.  (ECF No. 33.) Plaintiff was previously proceeding pro se in this action but in January 2023 counsel appeared for Plaintiff.  (*See* ECF No. 27.)  Following the appearance of Plaintiff's counsel, on March 14, 2023, District Judge Dale A. Drozd denied Defendants' prior motion to dismiss without prejudice and ordered the parties to meet and confer and "to do their part to avoid unnecessary motion practice . . . ."  (ECF No. 29.)  On March 28, 2023, Defendants filed a renewed motion to dismiss that is still pending before the Court.  (ECF No. 30.)  Plaintiff did not file any response to that motion until June 14, 2023, when a motion to amend the complaint was filed.  (ECF No. 33.)  Defendants have opposed the motion to amend (ECF No. 34) and Plaintiff filed a reply to that opposition (ECF No. 35).

////

1

The Federal Rules of Civil Procedure require that leave to amend be "freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). In determining the propriety of a motion for leave to amend courts generally weigh "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Absent the prejudice factor, there is "a presumption under Rule 15(a) in favor of granting leave to amend" unless there is "a strong showing" of the remaining factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Good cause appearing, the Court will grant Plaintiff leave to file an amended complaint. Considering the five factors described in *Allen* the Court concludes that most favor permitting the Plaintiff to amend his complaint. The current operative complaint was filed when Plaintiff was proceeding pro se. It is reasonable for Plaintiff to amend the complaint having obtained the assistance and expertise of counsel. *See Wheeler v. Terrible Herbst Inc.*, 498 Fed. Appx 707, 708 (9th Cir. 2012) (finding it was an abuse of discretion for a district court to dismiss an action without leave to amend as the plaintiff was previously pro se, had indicated he had recently obtained counsel, and it was not clear that the complaint could not be cured by amendment). There are no indications that this request was made in bad faith and the request is one that the Court would expect Plaintiff to make given his now represented status.

It is not clear to the Court at this stage that amendment is futile as the proposed amended complaint substantially modifies the claims presented by the Plaintiff, fully restructures the Complaint, and alters the presentation of some of the factual allegations. An amendment is only futile if there is "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted). It is not clearly apparent from the current operative complaint that Plaintiff is unable to plead a set of facts that would be sufficient to state a claim. This is supported by the substantial revisions to the claims presented and the presentation of

facts associated with those claims in the proposed amended complaint. Defendants suggest that the proposed amended complaint "contains the same deficient factual allegations" that are in the current operative complaint, but given the substantially altered nature of the complaint, this is not immediately apparent to the Court. (ECF No. 34 at 10.) Defendants' arguments are more suited to a motion to dismiss.

Permitting amendment of the complaint also would not meaningfully prejudice the Defendants. The Court is cognizant of the added litigation expense required to respond to an amended complaint and that permitting amendment would add delay to the speedy resolution of this action. However, this is the first and only request Plaintiff has made to amend the complaint having obtained counsel. Permitting Plaintiff to amend with the assistance and guidance of counsel is in the interest of all parties as it will help make litigation efficient and expedient. As evidence of this, the proposed amended complaint reduces the number of claims presented by the Plaintiff, presumably focusing the Court and parties on the most viable of Plaintiff's claims. Moreover, procedurally this case is still in the preliminary stages, and there is no suggestion that the parties have engaged in meaningful discovery on the preexisting claims. *See e.g., Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (finding the existence of undue prejudice where parties had already engaged in discovery and extensive litigation prior to the motion to amend). Finally, Defendants' argument – that amendment is futile because the amended complaint presents the same factual deficiencies as they suggest in their motion to dismiss – undercuts claims of prejudice based on the costs of litigation, as Defendants would be able to simply modify and renew their currently pending motion to dismiss. As such, Defendants have not established the existence of prejudice that would outweigh the interests of the Court and parties in permitting amendment.

Considering undue delay, this factor is a closer call. Though there was certainly a delay in filing this motion, the request was made following Plaintiff obtaining counsel midway through the pleading stage of this case where he had previously been

3

proceeding pro se.  The delay present in this case and the fact that this is Plaintiff's first motion to amend the complaint after obtaining counsel do not raise the same issues of knowledge about facts and theories that would raise this to the level of "undue" delay.  *See Jackson*, 902 F.2d at 1388.

While the Court does not find that there was undue delay, it does recognize that there was a delay in Plaintiff filing this motion due to what appears to be counsel's lack of diligence.  Of particular concern to the Court, Judge Drozd denied without prejudice a motion to dismiss that was pending when Plaintiff's counsel first appeared in the case to allow parties to meet and confer.  There is no indication during that meet and confer which led to Defendants filing a renewed motion to dismiss that Plaintiff's counsel raised stipulating to the filing of an amended complaint.  Counsel's failure to file this motion earlier, file an opposition to Defendants' motion to dismiss, seek an extension of time to do so, or make a filing of any sort in the time after the substitution of counsel was filed in January is not indicative of the sort of diligent representation that is expected of counsel.  The Court understands that Plaintiff's counsel is facing a "ridiculous workload" and major life changes (ECF No. 35 at 2), but this does not alter counsel's duty to actively litigate on behalf of their clients and seek extensions of time where it is appropriate.  Ultimately, however, the Court concludes the roughly six month delay from counsel being retained or the three month delay between when Judge Drozd denied without prejudice the Motion to Dismiss the First Amended Complaint, is not "undue."

Balancing the equities, the Court will GRANT leave to file an amended complaint.  However, Plaintiff's counsel is warned that the Court will not tolerate further delays in this litigation.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Amend the Complaint (ECF No. 33) is GRANTED;
2. Within seven (7) days of this order Plaintiff shall file the proposed amended complaint as the First Amended Complaint in this action; and

3. Defendant's Motion to Dismiss (ECF No. 30) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 30, 2023**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – gettings21cv01139.mta+mtd

5