UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GETTINGS,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF SHASTA, et al.,<br><br>            Defendants. | No. 2:21-cv-01139-DJC-DB<br><br>**ORDER** |

   Plaintiff's Second Amended Complaint ("SAC") raises claims against Defendants based on Plaintiff's contact with Shasta County Sheriff's Deputies and Animal Control Officers in three separate incidents in July 2019.  The SAC contains a number of claims but centrally contends that the officers involved in these events unlawfully searched and seized Plaintiff, utilized excessive force, and ultimately initiated malicious prosecutions of Plaintiff.  Defendants now move to dismiss Plaintiff's SAC. (ECF No. 40.)

   For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss (ECF No. 40).

////

////

////

# BACKGROUND

## I. Procedural Background

Plaintiff originally filed this action pro se on June 28, 2021. (*See* ECF No. 1.) Plaintiff later obtained counsel and was given leave to file the current operative complaint, the SAC. (ECF No. 39). Thereafter, Defendants filed a Motion to Dismiss, which is fully briefed. Oral Argument was held on December 14, 2023, with Matthew Nicholas Becker appearing on behalf of the Plaintiff and Nichole Maria Santiago appearing on behalf of the Defendants. (ECF No. 49.)

## II. Allegations in the Second Amended Complaint

Plaintiff alleges that on July 6, 2019, he was selling baby chicks in a lot when Defendant Shasta County Animal Control Officer Molly Roberts approached him and accused him of violating California Penal Code § 597.4. (SAC ¶ 13.) Defendant Roberts ordered Plaintiff to leave and "threatened to arrest Plaintiff if he continued selling baby chicks." (*Id.*)

On July 13, 2019, Defendant Roberts again saw Plaintiff selling baby chicks in the lot and contacted Defendant Shasta County Sheriff's Deputy Ryan Kacalek. (*Id.* ¶¶ 14-15.) Defendant Kacalek arrived as Plaintiff was leaving the lot and "initiated an enforcement stop solely based on the report that there was a violation of [California] Pen. Code § 597.4." (*Id.* ¶ 15.) Plaintiff showed Defendants Roberts and Kacalek an Illinois driver's license during this stop. (*Id.* ¶ 17.) Defendant Roberts arrested Plaintiff, issued him a citation for violation of Section 597.4, and released him with a promise to appear for the citation. (*Id.* ¶ 16.) The citation issued was for an infraction but Defendant Roberts told Plaintiff that if she saw Plaintiff selling baby chicks again, she would arrest Plaintiff for a misdemeanor. (*Id.* ¶ 18.) On October 3, 2019, Plaintiff was found not guilty at trial for the alleged violation of Section 597.4 that occurred on July 13, 2019. (*Id.* ¶ 20.)

Roughly a week after the July 13, 2019 incident, Defendant Kacalek once again observed Plaintiff selling baby chicks on July 20, 2019 and contacted Defendant

1  Roberts. (*Id.* ¶ 21.) Defendant Kacalek initiated a traffic stop of Plaintiff based on his
2  belief from research he previously conducted that Plaintiff's vehicle was unregistered
3  and that Plaintiff had an expired California driver's license. (*Id.* ¶¶ 19, 21.) When
4  stopped, Plaintiff provided a copy of his Illinois driver's license and current registration
5  for his vehicle. (*Id.* ¶ 22.) According to the SAC, Defendant Kacalek tightly
6  handcuffed Plaintiff, injuring his wrists, and placed him in his squad vehicle. (*Id.* ¶ 23.)
7  Defendants Kacalek and Roberts then searched Plaintiff's vehicle and seized "36 baby
8  chicks and the signs indicating that the chicks were for sale." (*Id.* ¶ 24.) Defendant
9  Kacalek cited Plaintiff with infractions for having an invalid registration and driving
10 without a license. (*Id.* ¶ 25.) Defendant Kacalek also had Plaintiff's vehicle towed. (*Id.*
11 ¶ 27.) While Defendant Kacalek was transporting Plaintiff to the police station, he
12 allegedly "decided to change the situation from a booking to a cite-and-release and
13 drop Plaintiff off in a remote area[,]" but Plaintiff persuaded Defendant Kacalek to take
14 him to a gas station instead. (*Id.* ¶ 28.)

15     Defendant Roberts submitted a report to the Shasta County District Attorney's
16 Office recommending misdemeanor prosecution of Plaintiff for violation of California
17 Penal Code § 597.4 but the Shasta County District Attorney's Office never filed a
18 complaint based on this report. (*Id.* ¶¶ 26, 30.) Defendant Roberts is alleged to have
19 subsequently written a false report stating that at the time of the arrest he had noticed
20 Plaintiff had wrist swelling and double locked the handcuffs after ensuring there was a
21 proper gap. (*Id.* ¶ 29.) Plaintiff was found not guilty of driving without proper
22 registration by the state trial court on January 30, 2020. (*Id.* ¶ 31.) Plaintiff was found
23 guilty of driving on a suspended license, however, and that conviction was affirmed on
24 appeal. (*Id.* ¶ 32.)

25     Based on the above allegations, Plaintiff's SAC includes twelve causes of action
26 brought pursuant to 42 U.S.C. § 1983. (*Id.* at 7–15.) Causes of Action One and Two
27 both allege unlawful seizure via false arrest by Defendants Kacalek and Roberts during
28 the July 13 and July 20 incidents in violation of the Fourth Amendment. (*Id.* at 7–8.)

Cause of Action Three alleges Defendant Kacalek used excessive force during the July 20 incident in violation of the Fourth Amendment. (*Id.* at 8–9.) Causes of Action Four, Five, and Six allege claims of unreasonable search and seizure in violation of the Fourteenth Amendment against Defendants Kacalek and Roberts based on the search of Plaintiff's vehicle during the July 20 incident, the seizure of property from Plaintiff's vehicle during that search, and the seizure of the vehicle itself. (*Id.* at 9–10.) Causes of Action Seven, Nine, and Eleven allege Defendants Kacalek and Roberts violated Plaintiff's Fourth Amendment rights by initiating a malicious prosecution. (*Id.* at 10–14.) Causes of Action Eight and Ten allege violations of the Fourteenth Amendment by Defendant Kacalek for fabricating evidence in connection with Cause of Action Seven and Nine, respectively. (*Id.* at 11–13.) Finally, Cause of Action Twelve alleges what Plaintiff claims is a First Amendment violation by Shasta County based on vicarious liability. (*Id.* at 13–14.)

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule

demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

## DISCUSSION

Defendants move to dismiss each of Plaintiff's claims for failure to state a claim. (ECF No. 40.) Defendants address Plaintiff's claims in five categories: (1) Plaintiff's claims against Shasta County (*id*. at 7), Plaintiff's unreasonable search and seizure claims (*id*. at 7–10), Plaintiff's excessive force claim (*id*. at 10–11), Plaintiff's malicious prosecution claims (*id*. at 11–14), and Plaintiff's deliberate fabrication of evidence claims (*id*. at 14–15).

### I.     **Plaintiff's Claims Against Shasta County**

The Court grants Defendants Motion to Dismiss Plaintiff's claims against Shasta County as Plaintiff fails to establish that Plaintiff's rights were violated as a result of a policy, custom, or practice of Shasta County.

In their motion, Defendants first argue that Plaintiff improperly brings claims against Shasta County that were foreclosed by a prior court order. (*Id*. at 7.) Defendants are incorrect that prior court orders precluded Plaintiff from bringing claims against Shasta County. Magistrate Judge Deborah Barnes initially screened Plaintiff's complaint on December 17, 2021, pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 4.) At that time Judge Barnes found that Plaintiff had not stated a cognizable claim against Shasta County but gave Plaintiff the option to either proceed with his cognizable claims against Defendants Kacalek and Roberts or be given leave to amend the complaint. (ECF No. 4.) Though Plaintiff elected to not amend his complaint at that time, nothing in that order suggests that if Plaintiff had elected to file an amended complaint, he would be unable to bring claims against Shasta County. (*See id*. at 6.) The Court later provided Plaintiff with two opportunities to file amended

complaints, which Plaintiff exercised. (ECF Nos. 21, 38.) Neither of those orders limited the claims that could be brought or defendants that could be named in amending the complaint. (*See id.*)

Defendants are correct, however, that the SAC fails to state a cognizable claim against Shasta County. Plaintiff expressly brings his claims against Shasta County on a theory of vicarious liability for the actions of Defendants Roberts and Kacalek. (SAC at 14–15.) Plaintiff appears to recognize in his opposition that this theory runs directly counter to the Supreme Court's prior rejections of liability for municipalities based on the mere fact that they employed a tortfeasor. (*See* Pl's Opp'n (ECF No. 42) at 9-10;) see *also Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiff's argument – that this rule violates Plaintiff's First Amendment rights and the language of Section 1983 – is unavailing in the face of express and binding directives from the Supreme Court and the Ninth Circuit that such a theory of liability is not cognizable under Section 1983. *See id.*; *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016).

Plaintiff's only argument that, in Plaintiff's counsel's own words, "is not an attempt to overturn the current *Monell* doctrine" is that Defendants Kacalek and Roberts' "willingness to ignore Constitutional rights . . . would tend to show a custom and habit of the County of Shasta to not enforce rules against perjury by law enforcement and to enforce constitutional rights of its citizens, nor to properly train as to what constitutes probable cause." (Pl's Opp'n at 10.) As pled, however, the claim in the SAC is expressly one of vicarious liability and is not predicated on Shasta County's customs, policies, or practices. (SAC at 14–15.) Even ignoring this issue, Defendants Kacalek and Roberts' actions alone are insufficient to support such a claim. To state a claim under *Monell*, a Plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation[,]" and that the custom or policy "reflects deliberate indifference to the constitutional rights of its inhabitants" and that the policy or custom is "a 'deliberate choice to follow a course of action …

6

made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, (1986)). The SAC fails to identify any specific policy, custom, or practice, does not establish a causal link between a policy, custom, or practice and the constitutional deprivation, and does not allege any facts that support the contention that Shasta County made a "deliberate choice" in instituting a the custom or policy. As such, Plaintiff fails to state a *Monell* claim against Shasta County.

Accordingly, Defendants' Motion to Dismiss is granted as to Plaintiff's claims against Shasta County and Cause of Action Twelve in the SAC.

## II. Plaintiff's Unreasonable Search and Seizure Claims

Defendants' Motion to Dismiss is denied as to Plaintiff's Caused of Action One, Two, Four, Five, and Six as Plaintiff has alleged sufficient facts to state a claim.

Defendants argue that Plaintiff's unreasonable search and seizure claims, which include Cause of Action One, Two, Four, Five, and Six, fail to state a claim as Plaintiff has failed to establish that Defendants Kacalek and Roberts did not have probable cause to conduct the searches and seizures at issue. (Defs.' Mot. at 7–9.) Specifically, Defendants contend both that Plaintiff failed to allege that Defendants Kacalek and Roberts did not have probable cause to believe Plaintiff had violated California Penal Code Section 597.4, Vehicle Code Section 4000, and Vehicle Code Section 12500, and that probable cause did exist for each of those offenses. (*Id.*)

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U. S. 186, 192 (2013). Similarly, a warrantless search violates the Fourth Amendment unless the search falls within an exception, one such exception being the search of a lawfully stopped vehicle where

there is probable cause to believe that it was carrying contraband. *See United States v. Ross*, 456 U.S. 798, 808–10 (1982).

Under the factual allegations in the SAC, Plaintiff has sufficiently established that probable cause did not exist for either the violation of California Penal Code Section 597.4 or the violations of California Vehicle Code Sections 4000 and 12500. As to the Vehicle Code violations, Plaintiff alleges that he had both a valid driver's license and a valid registration and that he provided both to Defendant Kacalek. (SAC ¶ 22.) While Defendants may ultimately be able to show that Defendant Kacalek had probable cause to believe Plaintiff had violated these vehicle code sections, taking the facts alleged in the SAC as true, Plaintiff's allegations are sufficient to establish that Defendant Kacalek did not have probable cause to believe that Plaintiff had driven without a license and valid registration. *See* Cal. Veh. Code §§ 4000, 12500.

As to the alleged violation of Section 597.4, that provision prohibits selling a live animal "on any street, highway, public right-of-way, parking lot, carnival, or boardwalk." Plaintiff alleges that he was in a lot, not a location otherwise covered by Section 597.4, at the time he was selling the baby chicks.[1] That allegation is sufficient at this stage to establish that Defendant Roberts did not have probable cause to believe Plaintiff was violating Section 597.4.

Accordingly, Defendants' Motion to Dismiss is denied as to Plaintiff's Causes of Action One, Two, Four, Five, and Six.

### III. Plaintiff's Excessive Force Claim

The Court will also deny Defendants' Motion to Dismiss as to Plaintiff's excessive force claim, Cause of Action Three, as Plaintiff has alleged sufficient facts to support that he was injured as a result of Defendant Kacalek's unreasonable usage of

---

[1] At oral argument, Plaintiff's counsel represented that the lot in question was a vacant lot, not a parking lot. While the Court will not dismiss Plaintiff's unreasonable search and seizure as it is clear from the SAC that Plaintiff is indicating that this was a lot to which Section 597.4 does not apply, given that the Court will grant leave to amend other portions of the complaint, should Plaintiff elect to amend his complaint he is encouraged to include relevant factual descriptions of the lot in question.

handcuffs. Claims of excessive force in violation of the Fourth Amendment are evaluated under an objective reasonableness standard that requires the court to balance the intrusion of the plaintiff's Fourth Amendment interests against governmental interests. *Graham v. Connor*, 490 U.S. 386, 397 (1989). While ordinarily the use of handcuffs during an arrest alone is not sufficient to constitute excessive force, *see McFarland v. City of Clovis*, No. 1:15-cv-01530-AWI-SMS, 2017 WL 1348934, at *13 (E.D. Cal. Apr. 10, 2017), there are some situations in which the manner that handcuffs are applied can constitute excessive force in violation of the Fourth Amendment. *Reyes v. City of Santa Ana*, 832 Fed. Appx. 487, 490–91 (9th Cir. 2020) (collecting cases). To be successful, such claims generally require that the plaintiff was demonstrably injured by the handcuffs or that officers ignored complaints about tight handcuffs. *See id.* at 491; *see also Arias v. Amador*, 61 F. Supp. 3d 960, 976 (E.D. Cal. 2014). The inquiry of whether a specific instance of tight handcuffing constitutes excessive force "is usually fact-specific and is likely to turn on the credibility of the witnesses." *LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000).

Here, Defendants argue that the SAC fails to state an excessive force claim against Defendant Kacalek in Cause of Action Three of the SAC as Plaintiff fails to allege that Defendant Kacalek did not have probable cause and used more force than necessary to detain Plaintiff. (Defs.' Mot. at 11.) However, Plaintiff has alleged that he was handcuffed too tightly by Defendant Kacalek and that as a result, he suffered a broken wrist. (SAC at 8–9.) These allegations, taken as true, appear more than sufficient to state a claim for excessive force given the injury Plaintiff allegedly suffered. Contrary to Defendants' argument, it is not necessary for Plaintiff to establish that Defendant Kacalek did not have probable cause to arrest Plaintiff in order to state such a claim, just that the force used was not objectively reasonable. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Even if that were not the case, the Court already found above that Plaintiff has sufficiently alleged that Defendant Kacalek lacked probable cause.

Balancing the Fourth Amendment interests of Plaintiff against the government's interests, the facts, as alleged, are sufficient to establish force that was not reasonable for purposes of a motion to dismiss. A broken wrist is a demonstrable injury and handcuffing that is tight enough to cause such an injury is more than sufficient to constitute excessive force, especially where there appears no indication that such force was necessary to satisfy any government interest. *See Reyes*, 832 Fed. Appx. at 490–91; *see also O'Doan v. Sanford*, 991 F.3d 1027, 1037 (9th Cir. 2021). From the allegations in the SAC, there is no indication that Plaintiff posed a risk of safety to the officers, that the crime in question was severe, that Plaintiff was actively resisting arrest, or that he was attempting to evade arrest by flight. *O'Doan*, 991 F.3d at 1037.

Accordingly, Defendants' Motion to Dismiss is denied as to Cause of Action Three in Plaintiff's SAC.

**IV.  Plaintiff's Malicious Prosecution Claims**

Defendants' Motion to Dismiss is granted as to Plaintiff's malicious prosecution claims as, in all instances, Plaintiff has not alleged facts supporting that Defendants Kacalek and Roberts were acting to deprive Plaintiff of his constitutional rights. A claim for malicious prosecution is generally not cognizable under Section 1983 where, such as in California, the state judicial system provides a process to seek a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). An exception to this general rule is when "malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Id.* at 562. To meet this exception the plaintiff must be able to show that the defendants "acted for the purpose of depriving him of a specific constitutional right . . . ." *Awadby v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (quotation marks and citations removed). Therefore, to state a malicious prosecution claim under Section 1983, a plaintiff must both satisfy the elements of a malicious prosecution claim under California law and show that the prosecution was conducted with the intent to deprive them of equal protection or

their constitutional rights. *Id.* "In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." *Usher*, 828 F.2d at 561 (citing *Singleton v. Perry*, 45 Cal. 2d 489, 494 (1955)). This also requires that the criminal proceedings have been terminated in favor of the accused. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012).

Cause of Action Eleven fails at the outset as Plaintiff did not receive a favorable termination of the Vehicle Code Section 12500 charge for which this claim is brought. By his own admission, Plaintiff was convicted of this charge and the conviction was upheld on appeal. (*See* SAC at 14.) As such, Plaintiff has failed to allege facts for Cause of Action Eleven on which he can state a claim.[2]

Additionally, for Causes of Action Seven, Nine, and Eleven, Plaintiff has failed to allege that Defendants Roberts and Kacalek initiated the prosecution with the intent to deprive the Plaintiff of equal protection or a specific constitutional right. It is possible that Plaintiff's allegations satisfy the elements for a malicious prosecution claim under California law. However, as there is a state remedy for malicious prosecution available, Plaintiff must still show that the exception applies to seek relief under Section 1983. *Usher*, 828 F.2d at 561. The exception requires that Plaintiff prove Defendant acted with the intent to deny Plaintiff equal protection or a specific other constitutional right. *Id.*; *see Awadby*, 368 F.3d at 1069–70 ("a § 1983 malicious prosecution plaintiff must prove that the defendants acted for the purpose of depriving him of a "specific constitutional right . . . ." (quotation marks and citations removed)). The SAC contains no allegations that Defendant Roberts and Kacalek

---

[2] While favorable termination is necessary to establish a malicious prosecution claim, it is unclear whether the *Heck* bar would apply here. *Heck v. Humphrey*, 512 U.S. 477 (1994). While the *Heck* bar functions to prevent parties from challenging the validity of their conviction via a federal civil rights action, *Heck* focused on incarcerated individuals and identified that habeas is the remedy for challenging a conviction. *See id.*, 512 U.S. at 481–83 (distinguishing between civil rights and habeas actions and restating that habeas is the remedy for "state *prisoners* attacking the validity of the fact or length of their *confinement*" (emphasis added and citations removed)). Habeas is likely not a remedy that is available to Plaintiff as he was never incarcerated as a result of the convictions in question. However, the Court need not determine whether these claims are barred under *Heck* as a favorable outcome is required regardless.

acted with the purpose of depriving Plaintiff of any specific constitutional right. As such, the SAC fails to allege sufficient facts to state a malicious prosecution claim for both Causes of Action Seven, Nine, and Eleven.

Given the above, Defendants' Motion to Dismiss is granted as to Causes of Action Seven, Nine, and Eleven.

### V. Plaintiff's Deliberate Fabrication of Evidence Claims

Defendants move to dismiss Plaintiff's Causes of Action Eight and Ten for failure to state a claim based on the fact that Defendants Kacalek and Roberts had probable cause to believe Plaintiff had committed a crime. (Defs.' Mot. at 14–15.) A claim for fabrication of evidence, often called a *Devereux* claim, is a claim predicated on a plaintiff's due process rights under the Fourteenth Amendment. *See Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017). In *Devereux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), the Ninth Circuit determined that "the knowing use by the prosecution of perjured testimony in order to secure a criminal conviction violates the Constitution . . ." under *Pyle v. Kansas*, 317 U.S. 213, 216 (1942). To state a Fourteenth Amendment *Devereux* claim, a plaintiff must establish "(1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer*, 857 F.3d at 798.

Defendants argue that Plaintiff's *Devereux* claims fail because "under the totality of the circumstances known to Deputy Kacalek and Officer Roberts at the time of the incident, there was probable cause to believe that Plaintiff had committed a crime." (Defs.' Mot. at 14.) The Ninth Circuit has expressly rejected the idea that the existence of probable cause is dispositive to a *Devereux* claim. To quote the Ninth Circuit in *Spencer*, "the existence of probable cause does not resolve [a] Fourteenth Amendment claim for deliberate fabrication of evidence." 857 F.3d at 802. Thus, even assuming Defendants Kacalek and Roberts had probable cause at the time of Plaintiff's arrest for each of the crimes for which he was charged, this fact would not be dispositive of Plaintiff's *Devereux* claims. Additionally, as stated above, Plaintiff has

alleged facts sufficient to establish that Defendants did not have probable cause.

Accordingly, Defendants' Motion to Dismiss Causes of Action Eight and Ten is denied.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (ECF No. 40) is GRANTED IN PART and DENIED IN PART as follows:

    a. Defendants' Motion to Dismiss is GRANTED as to Cause of Action Seven, Nine, Eleven, and Twelve; and

    b. Defendants' Motion to Dismiss is DENIED as to Cause of Action One, Two, Three, Four, Five, Six, Eight, and Ten.

2. It is not apparent that amendment of the dismissed claims would be futile. Thus, within twenty-one days of this order, Plaintiff must either file an amended complaint or a notice informing the Court and parties that he wishes to proceed on the claims remaining in the SAC.

IT IS SO ORDERED.

Dated:  **April 22, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – gettings21cv01139.mtd