UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GETTINGS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA, et al.,<br><br>Defendants. | No. 2:21-cv-01139-DJC-SCR<br><br><u>ORDER GRANTING MOTIONS TO COMPEL</u> |

**I. Introduction**

In this action Plaintiff brings claims concerning interactions with Shasta County Sheriff's Deputies and Animal Control Officers on three occasions in July 2019. ECF No. 50 at 1. Plaintiff alleges he was illegally searched and seized, subjected to excessive force, and maliciously prosecuted. *Id.* A scheduling order has been entered, and the completion of fact discovery is set for April 11, 2025. ECF No. 57. Defendants have filed two motions to compel, seeking to compel responses to written interrogatories and requests for production. ECF Nos. 62 & 63. Plaintiff did not file an opposition to either motion. The motions are referred to the undersigned pursuant to Local Rule 302(c)(1). The Court heard oral argument on March 13,

1

2025. For the reasons stated at the hearing, and as further explained below, the Court GRANTS the motions to compel (ECF Nos. 62 & 63).

## II. Motion to Compel Interrogatory Responses

Defendants state they served the interrogatories on November 27, 2024, and that responses were due by December 27, 2024. ECF No. 63 at 4. Defendants state they received no response by the deadline, or request for extension. *Id.* at 7. On January 15, 2025, defense counsel sent correspondence proposing Plaintiff respond by January 27, 2025. *Id.* Plaintiff's counsel sent a brief response to the email correspondence, and indicated he would respond more fully "in just a few minutes." *Id.* at 7-8. Defense counsel states she did not hear back, and called Plaintiff's counsel on February 4, 2025, to advise she intended to file a motion to compel. *Id.* at 8. Defendants filed the motion to compel on February 5, 2025.

Plaintiff filed no written opposition to the motion to compel. At the hearing, Plaintiff's counsel stated that he had no valid legal excuse for failing to respond, but that serious personal matters in the October to December 2024 timeframe put him behind in preparing the response. Plaintiff offered that he is now working on the responses and could respond by April 7, 2025. The Court will GRANT the motion to compel (ECF No. 63) and direct that Plaintiff provide responses to the interrogatories by April 7, 2025. As Plaintiff failed to timely objection or seek an extension, Plaintiff has waived objections. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.).

## III. Motion to Compel Requests for Production

The requests for production were served at the same time as the interrogatories on November 27, 2024, and the history of communications is the same as set forth above. The requests are numerous, nearly 100, and the vast majority appear to be redundant and duplicative. However, Plaintiff did not respond or object, or file a response to the motion to compel. Accordingly, the Court will GRANT the motion to compel (ECF No. 62) and direct that Plaintiff produce the documents no later than April 7, 2025. If Plaintiff has compiled and reviewed responsive documentation prior to that date, he shall produce the documents on a rolling basis. As Plaintiff failed to timely object to the requests for production, any objections are waived.

Despite Plaintiff's failure to object, the Federal Rules of Civil Procedure allow the Court on motion "or on its own" to "limit the frequency or extent of discovery" that it finds to be "unreasonably cumulative or duplicative." Rule 26(b)(2)(C). In assessing the scope of discovery, the Court considers whether it is "proportional to the needs of the case." Rule 26(b)(1). The parties also have an obligation under Rule 1 to endeavor to "secure the just, speedy, and inexpensive determination" of the action. The nearly 100 requests for production served by Defendants do not serve that purpose, and may not be in proportion to the needs of the case. If the number of documents to be produced in this matter is relatively small, it may be appropriate, in the interests of efficiency, for consolidate his responses to multiple, substantively similar requests. In all events, the parties are encouraged to work cooperatively to facilitate discovery without further intervention of the Court.

### IV.     Award of Costs

Defendants seek an award of costs in the amount of $945 for bringing each motion. Rule 37(a)(5)(A) provides for an award of "reasonable expenses incurred in making the motion, including attorney's fees," if a motion to compel is granted. The Court finds it is not reasonable to award fees for the preparation of both motions when the motions and supporting materials are quite similar. The Court will award $945 in total for both motions. As counsel has indicated that it was his own scheduling difficulties that led to the failure to respond, and not difficulty in obtaining responses from his client, the Court will assess the fee against counsel and not his client. *See Williams v. Condensed Curriculum Int'l,* 2021 WL 6621071 at *3 n.2 (N.D. Cal. Dec. 29, 2021) (noting that district courts "are given great latitude in imposing sanctions for discovery abuse" and the court "has the option of holding responsible either the opponent or his counsel").

### V.     Conclusion

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Compel responses to requests for production (ECF No. 62) is **GRANTED**. Plaintiff shall provide responses no later than **April 7, 2025**. To the extent Plaintiff has compiled and reviewed responsive documentation prior to that date, he shall produce the documents on a rolling basis as soon as they are ready.

2. Defendants' Motion to Compel interrogatory responses (ECF No. 63) is **GRANTED**. Plaintiff shall provide responses by **April 7, 2025**.

3. The Court awards $945.00 in fees. Plaintiff's counsel shall pay this amount to Defendants by no later than April 7, 2025.

SO ORDERED.

DATED: March 17, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4